

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS PEREZ,<br><br>                              Plaintiff,<br><br>                    v.<br><br>SAN BERNARDINO COUNTY, et al.,<br><br>                              Defendants. | Case No. EDCV 14-329 ODW(JC)<br><br>ORDER  DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.    BACKGROUND AND SUMMARY

On August 14, 2015, plaintiff Thomas Perez ("plaintiff"), who is a prisoner at the Corcoran State Prison and is proceeding *pro se* and *in forma pauperis*, was granted leave to file the currently operative First Amended Civil Rights Complaint ("First Amended Complaint" or "FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") with supporting Supplement ("FAC Supp.") and exhibits.  The First Amended Complaint names the following defendants:  (1) the County of San Bernardino (the "County"); (2) the City of Rancho Cucamonga (the "City"); (3) San Bernardino County Sheriff/Coroner John McMahon; (4) the San Bernardino County Sheriff's Department; (5) San Bernardino County District Attorney Michael Ramos; (6) Rancho Cucamonga Mayor Don Kurth; and several

members of the San Bernardino County Board of Supervisors, namely (7) Janice Rutherford, Chair; (8) Gary Ovitt, Vice Chair; (9) Robert Lovingood; (10) James Ramos; and (11) Josie Gonzales.  (FAC at 3-5).  Plaintiff sues all defendants in their individual and official capacities, and seeks declaratory, injunctive, and monetary relief.

While not a model of clarity, the First Amended Complaint appears to allege, in pertinent part, that (1) defendants' enforcement of a certain gang injunction issued April 30, 2012, in the City of Rancho Cucamonga ("Gang Injunction")[1] discriminated generally against poor, minority communities, and specifically discriminated against plaintiff and his family's community based on race and ethnicity; (2) defendants failed to serve plaintiff with the Gang Injunction or to provide plaintiff with an opportunity to contest the Gang Injunction's provisions; and (3) during a press conference related to the Gang Injunction, defendant Michael Ramos made false and misleading statements about plaintiff's community.  (FAC at 7-14).  Plaintiff asserts the following claims:  (1) First Amendment Right to "Free Association Congregation and Expression"; (2) "Federal Equal Protection"; (3) First and Fourteenth Amendment rights to due process; (4) "State Equal Protection"; (5) "Racial Bias"; (6) "Conspiracy"; (7) "Federal Due Process"; (8) "First Amend[ment] Right to Be Free of Slander"; and (9) "Failure to Lawfully Administer, Educate, Train, & Supervise".  (FAC at 6, 15-19).

---

[1]This Court takes judicial notice of the docket in San Bernardino County Superior Court Case No. CIVRS1200342, People v. Cucamonga Kings ("State Case"), and the Gang Injunction (the full title of which is "Amended Judgment Granting Permanent Injunction; Map of Safety Zone") filed in the State Case – both of which are attached as exhibits to a declaration submitted in connection with defendants' December 19, 2014 Motion for Judgment on the Pleadings (Docket No. 30-1, Exs. A, B), and the authenticity of which have not been questioned.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).  The First Amended Complaint references and necessarily relies upon the Gang Injunction.

1  The First Amended Complaint is deficient in multiple respects, including
2  those detailed below.

3  **II.   THE GOVERNING LEGAL STANDARDS**

4  Federal courts are courts of limited jurisdiction.  <u>Kokonnen v. Guardian Life</u>
5  <u>Insurance Co.</u>, 511 U.S. 375, 377 (1994).  The Court may raise the absence of
6  subject matter jurisdiction *sua sponte*, and must dismiss an action if it determines at
7  any time that it lacks subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3) (if
8  court determines at any time that it lacks subject matter jurisdiction, it must dismiss
9  action); <u>Steel v. Citizens for a Better Environment</u>, 523 U.S. 83, 94-95 (1998)
10  (court bound to ask and answer for itself, whether it has jurisdiction, even when not
11  otherwise suggested); <u>Fiedler v. Clark</u>, 714 F.2d 77, 78 (9th Cir. 1983) (federal
12  court may dismiss *sua sponte* if jurisdiction lacking).  Indeed, federal courts are
13  required *sua sponte* to examine jurisdictional issues such as standing.  <u>Bernhardt v.</u>
14  <u>County of Los Angeles</u>, 279 F.3d 862, 868 (9th Cir. 2002).

15  Further, as plaintiff is a prisoner proceeding *in forma pauperis* on a civil
16  rights complaint against governmental defendants, the Court must screen the
17  Complaint, and is required to dismiss the case at any time it concludes the action is
18  frivolous or malicious, fails to state a claim on which relief may be granted, or
19  seeks monetary relief against a defendant who is immune from such relief.  <u>See</u>
20  28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

21  In determining whether a complaint fails to state a viable claim for purposes
22  of screening, the Court applies the same pleading standard from Rule 8 of the
23  Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion
24  to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Wilhelm v. Rotman</u>,
25  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Under Rule 8, a complaint
26  must contain a "short and plain statement of the claim showing that the pleader is
27  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed
28  factual allegations, a complaint must contain "more than an unadorned, the-

1  defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678
2  (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007))
3  (quotation marks omitted).  "[W]ell-pleaded factual allegations" in a complaint are
4  presumed true, while "[t]hreadbare recitals of the elements of a cause of action"
5  (*i.e.*, legal conclusions) and "legal conclusions couched as a factual allegation" are
6  not.  <u>Id.</u> (citation and quotation marks omitted); <u>see also</u> <u>Sprewell v. Golden State</u>
7  <u>Warriors</u>, 266 F.3d 979, 988 (9th Cir.), <u>as amended</u>, 275 F.3d 1187 (9th Cir. 2001)
8  (court need not accept as true "allegations that are merely conclusory, unwarranted
9  deductions of fact, or unreasonable inferences") (citation omitted).  The Court is
10 also "not required to accept as true conclusory allegations which are contradicted by
11 documents referred to in the complaint." <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d
12 1293, 1295-96 (9th Cir. 1998) (citation omitted).  In addition, under Rule 10 of the
13 Federal Rules of Civil Procedure ("Rule 10"), the caption of a complaint must state
14 the names of "all the parties."  Fed. R. Civ. P. 10(a).

15      Thus, to survive screening, a civil rights complaint must "contain sufficient
16 factual matter, accepted as true, to state a claim to relief that is plausible on its
17 face." <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 908 (9th Cir. 2014) (citations and
18 quotation marks omitted).  A claim is "plausible" when the facts alleged in the
19 complaint would support a reasonable inference that the plaintiff is entitled to relief
20 from a specific defendant for specific misconduct. <u>Iqbal</u>, 556 U.S. at 678 (citation
21 omitted).  Allegations that are "merely consistent with" a defendant's liability, or
22 reflect only "the mere possibility of misconduct" do not "*show[]* that the pleader is
23 entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient
24 to state a claim that is "plausible on its face."  <u>Id.</u> at 678-79 (citations and quotation
25 marks omitted).

26      *Pro se* complaints in civil rights cases are liberally construed to give
27 plaintiffs "the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir.
28 2012) (citation and internal quotation marks omitted).  If a *pro se* complaint is

4

1   dismissed for failure to state a claim, the court must "freely grant leave to amend" if

2   it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging

3   different or new facts.  Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d

4   1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122,

5   1126-30 (9th Cir. 2000) (en banc) (citation omitted).

## III.   DISCUSSION

7         First, plaintiff's failure to name all defendants in the caption of the First

8   Amended Complaint violates Rule 10(a).

9         Second, to the extent plaintiff is attempting to seek relief on behalf of other

10  people in his community (FAC at 3; FAC ¶¶ 4, 7, 21, 22, 40), plaintiff, as a *pro se*

11  litigant, may not do so.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 665 (9th

12  Cir. 2008) (*pro se* plaintiff may not pursue claims in a representative capacity on

13  behalf of others.) (citations omitted); see also Oxendine v. Williams, 509 F.2d 1405,

14  1407 (9th Cir. 1975) (*pro se* prisoner may not bring class action on behalf of fellow

15  prisoners).

16        Third, the First Amended Complaint fails to state a viable Section 1983 claim

17  based on defendant Michael Ramos' alleged defamation of plaintiff in violation of

18  the Fourteenth Amendment.  A complaint must specifically identify and plead the

19  substance of an alleged defamatory statement.  See Jacobson v. Schwarzenegger,

20  357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).  To be actionable, an allegedly

21  defamatory statement must, among other things, "contain a provably false factual

22  connotation."  Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.)

23  (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990)), cert. denied, 528

24  U.S. 1061 (1999).  In California, defamation includes any "false and unprivileged

25  [written] publication . . . which exposes any person to hatred, contempt, ridicule, or

26  obloquy, or which causes him to be shunned or avoided, or which has a tendency to

27  injure him in his occupation."  Cal. Civ. Code §§ 44, 45.   Nonetheless, an

28  allegation of injury to a plaintiff's reputation, without more, is insufficient to state a

1  viable Fourteenth Amendment defamation claim.  See Cooper v. Dupnik, 924 F.2d

2  1520, 1532 (9th Cir. 1991) (citation omitted), vacated on other grounds, 963 F.2d

3  1220 (9th Cir. 1992) (en banc), overruled on other grounds by Chavez v. Martinez,

4  538 U.S. 760 (2003).  A viable Fourteenth Amendment defamation claim under

5  Section 1983 requires a plaintiff to allege injury to reputation "plus" loss of a

6  recognizable property or liberty interest.  Cooper, 924 F.2d at 1532 (citation

7  omitted); see also Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645

8  (9th Cir.) ("There are two ways to state a cognizable § 1983 claim for

9  defamation-plus:  (1) allege that the injury to reputation was inflicted in connection

10  with a federally protected right; or (2) allege that the injury to reputation caused the

11  denial of a federally protected right.") (citation omitted), cert. denied, 528 U.S. 870

12  (1999).  Here, plaintiff appears to claim that defendant Michael Ramos defamed

13  plaintiff and others by stating at a press conference that due to the Gang Injunction

14  "The community no longer had to live in fear."  (FAC ¶ 20).  Plaintiff fails

15  plausibly to allege, however, that such vague statement was "provably false."

16  Moreover, the First Amended Complaint does not plausibly allege that such

17  statement caused constitutional injury beyond injury to reputation, or that any

18  connection to a federally protected right was more than tenuous.

19      Fourth, plaintiff appears to lack standing to pursue his claims – an element of

20  the federal jurisdictional requirement that the Court consider only actual cases or

21  controversies.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009)

22  ("Article III standing is a controlling element in the definition of a case or

23  controversy.") (citation and quotation marks omitted).  To demonstrate standing, a

24  plaintiff must show (1) "injury in fact" (i.e., an injury "that is (a) concrete and

25  particularized and (b) actual or imminent, not conjectural or hypothetical");

26  (2) injury that is "fairly traceable to the challenged action of the defendant"; and

27  (3) a likelihood, as opposed to mere speculation, "that the injury will be redressed

28  by a favorable decision."  Id. (citations omitted).  The possibility that plaintiff may

6

1  be prosecuted in the future is not sufficient to create standing.  See Stoianoff v.

2  State of Montana, 695 F.2d 1214, 1223 (9th Cir. 1983).

3          Here, the allegations of the First Amended Complaint and the Gang

4  Injunction referenced therein (of which the Court has taken judicial notice) do not

5  plausibly suggest that plaintiff has suffered an "injury in fact" that is "fairly

6  traceable" to the actions of any specific defendant.  See generally Sprewell, 266

7  F.3d at 988 ("The court need not [] accept as true allegations that contradict matters

8  properly subject to judicial notice or by exhibit.").  The only named defendant in

9  the State Case in which the Gang Injunction issued appears to have been the

10  "Cucamonga Kings" criminal street gang.  (Gang Injunction at 1).  The provisions

11  of the Gang Injunction specifically enjoin only "defendant Cucamonga Kings

12  criminal street gang, all its members, and all those persons for whom it acts, *while*

13  *present in the Safety Zone* [a rectangular area in the City of Rancho Cucamonga

14  defined in the Gang Injunction]."  (Gang Injunction at 1) (emphasis added).  Even

15  assuming, as plaintiff alleges, that he was named in the Gang Injunction (FAC at 5;

16  FAC at 6, ¶ 3) – an allegation that is belied by the Gang Injunction itself (Gang

17  Injunction at 1-8) – he attests that he was never served with the Gang Injunction

18  (FAC ¶ 4) and that he is "not [] active in any gang anymore" (FAC at 6).[2]  Indeed,

19  the allegations in the First Amended Complaint suggest that plaintiff was

20  incarcerated (and thus was unable to be "present in the Safety Zone" in Rancho

21  Cucamonga) during the time of the alleged constitutional violations (FAC ¶¶ 28,

22  30).  Thus, even if the Gang Injunction arguably could some day apply to plaintiff,

23  he lacks standing to the extent he seeks to avoid enforcement of the provisions of

24  the Gang Injunction at some hypothetical future time (*e.g.*, if/when plaintiff is

25  released from custody at some unspecified point in the future).  Standing requires

26  _____

27          [2]The State Case docket suggests that plaintiff was among those to whom at least one
document in the case was sent.  See Docket No. 30-1, Ex. A (02/23/2012 docket entry reflecting

28  the return of mail sent to "Tomas Perez").

1    allegations of a "genuine threat of imminent prosecution." Stoianoff, 695 F.2d at

2    1223 ("[A] plaintiff must demonstrate a genuine threat that [an] allegedly

3    unconstitutional law is about to be enforced against him."). Moreover, to the extent

4    plaintiff claims he has standing based on injury to family and friends in his home

5    community, he is incorrect. See, e.g., Halet v. Wend Investment Co., 672 F.2d

6    1305, 1308 (9th Cir. 1982) (litigants have standing to assert only their own rights

7    and interests, "not those of third parties") (citations omitted).

8         Finally, even if plaintiff had standing, the prolix and rambling allegations of

9    the First Amended Complaint fail to provide even minimal notice of the factual

10   basis for any particular viable claim or claims against any *specific* defendant.  For

11   example, the allegations in the "Statement of Facts" section of the First Amended

12   Complaint are argumentative (see, e.g., FAC ¶¶ 7, 13-19, 24, 31, 36), at times

13   unintelligible and repetitive (see, e.g., FAC ¶¶ 31, 34, 38, 39, 41, 43), and replete

14   with immaterial background information as well as irrelevant and conclusory

15   factual allegations regarding multiple, at times unrelated, incidents involving

16   various named and unnamed defendants and/or other individuals (see, e.g., FAC

17   ¶¶ 7-9, 13-20, 22, 31-34, 36, 38-39).  More significantly, the Statement of Facts and

18   the Legal Claims section do not adequately parse out any individual claim against

19   any specific defendant to the extent it is founded on a different transaction or

20   occurrence but instead assert mostly a mishmash of conclusory legal and factual

21   assertions against all of the defendants lumped together as an indistinguishable

22   group.  (See, e.g., FAC ¶¶ 1, 4, 5, 9, 12, 21-23, 29, 30, 40, 43; FAC at 6, 15-19).

23       Ultimately, the First Amended Complaint never clearly connects any

24   particular event or incident to specific viable legal claims against any particular

25   defendant as required under the federal rules.  In light of such deficiencies, the First

26   Amended Complaint is subject to dismissal with leave to amend. Cf. McHenry v.

27   Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (A complaint is subject to dismissal if

28   "one cannot determine from the complaint who is being sued, for what relief, and

on what theory, with enough detail to guide discovery."); <u>Sparling v. Hoffman Construction Company, Inc.</u>, 864 F.2d 635, 640 (9th Cir. 1988) (A complaint that contains the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).); <u>see also</u> <u>Cafasso</u>, 637 F.3d at 1059 ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.") (citation and internal quotation marks omitted); <u>see, e.g.</u>, <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing civil rights cause of action, in part, because amended complaint "lumped [all defendants] together in a single, broad allegation").

**IV.    ORDERS**

In light of the foregoing, IT IS HEREBY ORDERED:

1.      The First Amended Complaint is dismissed with leave to amend.

2.      Plaintiff shall file any Second Amended Complaint within fourteen (14) days of the entry of this Order.  A Second Amended Complaint must:  (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint or the First Amended Complaint (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) set forth clearly the sequence of events giving rise to the claim(s) for relief; (g) allege with sufficient specificity what each individual defendant did and how that individual's conduct violated plaintiff's civil rights; (h) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)); and (i) not change the nature of this suit by adding new, unrelated claims or defendants.  <u>Cf.</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (prisoners may not file "buckshot" complaints – <i>i.e.</i>, a

pleading that alleges unrelated violations against different defendants).

3.     If plaintiff elects not to proceed with this action, he may expedite matters by instead signing and returning the attached Notice of Dismissal within fourteen (14) days of the entry of this Order which will result in the voluntary dismissal of this action without prejudice.

4.     **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a Second Amended Complaint or Notice of Dismissal, may result in the dismissal of this action with or without prejudice on the grounds set forth above and/or for failure diligently to prosecute.**

5.     The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a Second Amended Complaint if he elects to proceed in that fashion.

IT IS SO ORDERED.

DATED: _September 16, 2015

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Attachment

10